✓ FILED    ___ RECEIVED
___ ENTERED    ___ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 3 0 2018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-271-GMN-(VCF) |
| Plaintiff, | |
| v. | Preliminary Order of Forfeiture |
| RONALD A. SPINABELLA, JR., | |
| Defendant. | |

This Court finds that defendant Ronald A. Spinabella, Jr., pled guilty to Counts One and Three of a Three-Count Criminal Indictment charging him in Count One with Conspiracy to Manufacture and Distribute a Controlled Substance Analogue in violation of Title 21, United States Code, Sections 841(a)(1) and 846 and in Count Three with Money Laundering Conspiracy in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and (h). Criminal Indictment, ECF No. 10; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds defendant Ronald A. Spinabella, Jr., agreed to the forfeiture of the property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment. Criminal Indictment, ECF No. 10; Change of Plea, ECF No. __; Plea Agreement, ECF No. __.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment and the offenses to which defendant Ronald A. Spinabella, Jr., pled guilty.

The following property is

(1) any firearm or ammunition involved in or used in any violation of any other criminal law of the United States, Title 18, United States Code, Section 1956(a)(1)(A)(i) and (h) and Title 21, United States Code, Sections 841(a)(1) and 846;

(2) any firearm or ammunition intended to be used in any offense punishable under the Controlled Substances Act, Title 21, United States Code, Sections 841(a)(1) and 846;

(3) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of property and any proceeds traceable to such property in violations of Title 21, United States Code, Section 841(a)(1) and 846;

(4) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of violations of Title 21, United States Code, Sections 841(a)(1) and 846;

(5) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of violations of Title 21, United States Code, Sections 841(a)(1) and 846;

(6) all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violations of Title 21, United States Code, Sections 841(a)(1) and 846, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of Title 21, United States Code, Sections 841(a)(1) and 846;

(7) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 21, United States Code, Section 841(a)(1), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(D), or Title 21, United States Code, Section 846, conspiracy to commit such offense and Title 18, United States Code, Section 1956(a)(1)(A)(i), a specified unlawful activity as defined in Title 18, United States Code, Sections 1956(c)(7)(A) and 1961(1)(B), or Title 18, United States Code, Section 1956(h), conspiracy to commit such offense;

(8) any property, real or personal, involved in transactions or attempted transactions in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Title 18, United States Code, Section 1956(h), or any property traceable to such property; and

(9) any property, real or personal, involved in violations of Title 18, United States Code, Section 1956(a)(1)(A)(i) and Title 18, United States Code, Section 1956(h), or any property traceable to such property,

and is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d)(1) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 924(d)(1), (2)(C), and (3)(B) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 881(a)(11) with Title 28, United States Code, Section 2461(c); Title 21, United States Code, Section 853(a)(1); Title 21, United States Code, Section 853(a)(2); Title 21, United States Code, Section 881(a)(6) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C) with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(A) with Title 28, United States Code, Section 2461(c); and Title 18, United States Code, Section 982(a)(1):

1. 2014 Blue Chevrolet Corvette, Vehicle Identification Number 1G1YD2D77E5133075, bearing Nevada license plate number 021-ZAM, registered owner Ronald Anthony Spinabella, Jr.;
2. $56,775.29 USC;
3. $23,411.06 USC;
4. $5,000.00 USC;
5. $236,159.01 USC;
6. $218,904.98 USC;
7. $4,200.00 USC;
8. Two (2) 2015 American Eagle one ounce gold proof coins in boxes;
9. One (1) 2015 American Eagle one ounce gold proof coin in plastic case;

10. Five (5) 2014 Liberty one ounce silver proof coins in plastic cases;

11. One (1) 2012 American Eagle 1/4 ounce gold proof coin in plastic case;

12. $35.91 USC;

13. $93,667.96 USC;

14. $49,059.23 USC;

15. M4 Carbine multi caliber rifle with serial number DDB007214B; and

16. any and all ammunition

(all of which constitutes property).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all right, title, and interest of Ronald A. Spinabella, Jr., in the aforementioned property is forfeited and is vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and Title 21, United States Code, Section 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be

signed by the petitioner under penalty of perjury pursuant to Title 21, United States Code, Section 853(n)(3) and Title 28, United States Code, Section 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

>   Daniel D. Hollingsworth
>   Assistant United States Attorney
>   501 Las Vegas Boulevard South, Suite 1100
>   Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record.

DATED this 30 day of April, 2018.

_____
UNITED STATES DISTRICT JUDGE